# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. _____

ELVIN DOWLING and
PEOPLE FOR ELVIN DOWLING,

    Plaintiffs,

v.

RONALD DION DESANTIS, in his official
capacity as Governor of the State of Florida,

    Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiffs, Elvin Dowling and People for Elvin Dowling, through counsel, sue Defendant, Ron DeSantis, Governor of the State of Florida, under 42 U.S.C. § 1983, to remedy violations of their rights under the First, Fourteenth, and Fifteenth Amendments to the United States Constitution, and state as follows:

**I.  Introduction**

1.  Alcee Hastings served as a Democratic member of the United States House of Representatives for Florida's 23rd Congressional District from 1993 to 2013, and Florida's 20th Congressional District from 2013 until his death on April 6, 2021.

2.     A vacancy now exists that must be filled so that the people of the Twentieth Congressional District, including Plaintiffs, can exercise their rights to vote for Rep. Hastings' replacement, and so that they may have representation in the United States House of Representatives.

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff's causes of action arise under 42 U.S.C. § 1983 and the First, Fourteenth, and Fifteenth Amendments to the United States Constitution.

4.     Venue is proper because the Congressional District at issue sits wholly within the boundaries of the U.S.D.C. for the Southern District of Florida. Additionally, the events giving rise to the claims alleged and relief demanded in this Complaint arise and currently exist within the Twentieth Congressional District. 28 U.S. Code § 1391.

5.     All conditions precedent to the bringing of this action, if any, have occurred, or their performance has been waived by Defendant.

## II.     The Parties

6.     Plaintiff Elvin Dowling is a United States citizen who resides and is registered to vote within the Twentieth Congressional District.

7. Dowling has filed qualification papers and paid the qualifying fee, in accordance with Florida law, to run as a candidate in a special election to fill the vacancy in the U.S. House of Representatives left by Alcee Hastings' death.

8. Elvin Dowling desires and is awaiting the opportunity to engage in a special election to fill the Hastings vacancy as a voter and as a candidate.

9. Plaintiff People for Elvin Dowling is a political committee headquartered and operating within the Twentieth District. It is organized to accept campaign contributions, make campaign expenditures, and advocate for the election of Elvin Dowling to fill the Hastings vacancy.

10. Defendant Ronald Dion DeSantis is the Governor of the State of Florida. He is obligated under the Florida constitution and statutes for ensuring "the laws be faithfully executed." Fla. Const. Art. IV § 1(f); *see,* Fla Stat. §§ 14.01, *et. seq*. Defendant DeSantis is sued in his official capacity as the Governor of the State of Florida.

### III.   The Twentieth Congressional District

11. The Twentieth District includes most of the majority-black precincts in and around Fort Lauderdale and West Palm Beach.

12. The ethnicity of the District is 53% Black and 40% white, while, according to 2019 estimates, the ethnic make-up of Florida as a whole is 16.9% Black and 77.3% white.

13. In the last general election, held November 3, 2020, Alcee Hastings won 78.7% of the vote over the Republican challenger, Greg Musselwhite, who is white.

14. In 2018, Hastings won 99.9% of the vote, in 2016 he won 80.3%, and in 2014 he won 81.6%.

15. Twentieth District voters voted for the Democratic Presidential candidates for at least the last twenty years.

16. Only 17% of the voters in the Twentieth District voted for Governor DeSantis.

**IV.   The Governor's Duty to Call a Special Election**

17. Under the Florida constitution, "All political power is inherent in the people." Fla. Const. Art. 1, § 1.

19. The Florida constitution obligates Gov. DeSantis "take care that the laws be faithfully executed." Fla. Const. Art. IV § 1(a).

20. Article I, § 2, clause 4 of the United States Constitution states that "[w]hen vacancies happen in the Representation from any State, the Executive Authority thereof shall issue Writs of Election to fill such Vacancies."

21. Gov. DeSantis's obligation to fill the Hastings vacancy is mandatory under the United States Constitution and Florida constitution.

22. The United States Code provides that "the time for holding elections in any State, District, or Territory for a Representative or Delegate to fill a vacancy … may be prescribed by the laws of the several States …." 2 U.S.C. § 8(a).

23. Florida law requires special elections to be held "i[f] a vacancy occurs in the office of member from Florida of the House of Representatives of Congress." Fla. Stat. § 100.101(4).

24. Florida law further provides that, "[w]henever there is a vacancy for which a special election is required pursuant to s. 100.101, the Governor, after consultation with the Secretary of State, shall fix the dates of a special primary election and a special election." Fla. Stat. § 100.111(2).

25. Despite his obligations under the United States and Florida constitutional and statutory law, and despite the passage of time since Rep.

Hastings' death, Defendant Governor DeSantis has not issued a proclamation for a special election. Circumstances demonstrate he is disinclined to do so.

26. By contrast, then-Governor Rick Scott issued Executive Order 17-147 only eighteen days following the resignation State Senator Frank Artiles, ordering a special election and setting the schedule for filling the vacancy.

27. In fact, all the circumstances together with the delay indicate Gov. DeSantis's silence and failure to act constitute a de facto refusal to take the action required of him.

### V. The Importance of Filling the Vacancy Immediately

28. The persistent vacancy being allowed by Governor DeSantis leaves the people of the Twentieth District without representation in this current legal and political environment in which the United States Congress is taking action on measures critical to Black Americans.

29. The [George Floyd Justice in Policing Act](#) is one such measure which, if enacted, would establish a National Police Misconduct Registry. The Act passed the House easily both times it was introduced. It now is awaiting Senate action in the wake of the Derek Chauvin verdict.

30. President Joe Biden endorses passage of the George Floyd bill. The President "tweeted" the following hours after the Chauvin verdict:

> There's meaningful police reform legislation in George Floyd's name, but it shouldn't take a year to get it done. I assured the Floyd family that we're going to continue to fight for the passage of the George Floyd Justice in Policing Act so I can sign it into law right away.

31. The For the People Act is another measure, and would require all states to offer mail-in ballots and provide a minimum of fifteen days of early voting and calls for online and same-day voter registration. The measure would also call for the creation of an independent commission to draw congressional districts to prevent gerrymandering. The measure was passed by the House in March and is awaiting Senate action.

32. The Department of Justice recently announced investigations into police activities in Louisville, Kentucky, and Minneapolis, Minnesota, and other activities to investigate and prosecute race-based offenses.

33. Meanwhile, on April 19, 2021 in the State of Florida, Gov. DeSantis signed the Anti-Riot Act into law. On April 21, 2021, an advocacy group filed a lawsuit against Gov. DeSantis and others attacking the new law:

> The Bill unconstitutionally targets protected speech, including protests against the murders of minorities at the hands of police officers – including the murders of George Floyd, Breonna Taylor, and Elijah McClain, which cannot be properly characterized as "directed to inciting or producing imminent lawless action and an [] likely to incite or produce such action." Brandenburg v. Ohio, 395 U.S. 444,447 (1966). The Bill unconstitutionally threatens to impose liability on individuals expressing their rights to free speech regardless of their intent to incite

violence, the likelihood that their speech will result in violence, or the imminence of the intended violence.

*Legacy Entertainment & Arts Foundation etc. vs. DeSantis, et al.*, U.S.M.D. Fla. Case 6:21-cv-00698-PGB-DCI at ¶ 21.

## VI. The Plaintiffs Require Declaratory and Injunctive Relief

34. Although the Governor has discretion to determine when the vacancy election will be scheduled, he does not have the discretion to fail to schedule the vacancy election or delay it and therefore suppress votes and participation in government. First, Fourteenth, and Fifteenth Amendments.

35. To the extent the Florida election code purports to give unfettered discretion to Governor DeSantis regarding the time for calling the special election, it is not a meaningful standard entitled to deference because of the implications of the Plaintiffs' rights under the First, Fourteenth, and Fifteenth Amendments.

36. Considering the ethnic make-up and voting history of the Twentieth District and the current political and legal environment, Gov. DeSantis's unwarranted delay or de facto refusal to call a special election constitutes voter suppression in violation of the Fifteenth Amendment to the United States Constitution.

37. The delay or de facto refusal to call a special election also interferes with the Plaintiffs' First Amendment rights to engage in political speech and activities. Plaintiff Dowling is entitled to vote and both Plaintiffs are entitled to equal representation in Congress.

38. Plaintiff People for Elvin Dowling has diverted its organizational resources to file this lawsuit to counteract Gov. DeSantis's unlawful inaction, which also is frustrating the organization's mission.

39. The Plaintiffs are experiencing irreparable harm by being denied representation, and the Governor's failure to obey the legal mandates have the effect of disenfranchising Plaintiff Dowling and depriving both Plaintiffs of their constitutional rights. A mandatory injunction is necessary to curtail the harms being suffered by Plaintiffs.

40. The Plaintiffs are suffering actual injury, as they are without representation in the House and are threatened with the imminent denial of their right to vote. This injury is caused by Gov. DeSantis's inactions.

41. 42 U.S.C. 1983 allows remedies for deprivations of Constitutional and statutory rights.

42. Plaintiffs' injuries are redressable by injunctive and declaratory relief.

43. Plaintiffs request this Court declare that Gov. DeSantis's inaction violates his obligations under United States and Florida law to call a special election, and issue preliminary and permanent injunctive relief requiring Governor DeSantis to issue a writ of election, which will allow Plaintiff Dowling to exercise his right to vote and for both Plaintiffs to regain representation in the House.

44. Plaintiffs are obligation to pay the undersigned a reasonable fee for his services. Plaintiffs request an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated: April 29, 2021

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29, 2021, I electronically filed the foregoing document with the Clerk of Court via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, which is via transmission of Notice of Electronic Filing generated by CM/ECF.

s\ W. Craig Lawson
Counsel for Plaintiff
3918 Via Poinciana Dr., Suite 1
Lake Worth FL 33467
(561) 660 7776

craig@craiglawsonlaw.com